UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MARK MASARIK § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:23-cv-102 |
| § | |
| SAFECO INSURANCE COMPANY § | |
| OF INDIANA, § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES MARK MASARIK ("Plaintiff"), complaining of SAFECO INSURANCE COMPANY OF INDIANA ("Safeco" or "Defendant"), and for such cause of action respectfully shows unto the Court and Jury as follows:

### I. PARTIES

Plaintiff, MARK MASARIK, is a resident of Tarrant County, Texas.

Defendant, Safeco, is a foreign corporation engaged in the business of insurance in this state. Defendant has answered this suit and appeared.

### III. AGENCY AND RESPONDEAT SUPERIOR

Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendant itself or its agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### IV. JURISDICTION AND VENUE

Plaintiff's First Amended Complaint                                                                                          1

The court had jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(3) because the suit was between citizens of different states, and the amount in controversy exceeded $75,000, excluding interest and costs.

Venue is proper in this district under 28 U.S.C. §1391(a)(2) & §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district and the property at issue is situated in this division.

## V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## VI. FACTS

A.  Plaintiff is the owner of a Texas homeowner policy no. OY8071053, issued by Defendant (the "Policy").

B.  Plaintiff owns the insured property, which is specifically located at 1713 Hampton Ct, Bedford, Texas 76021-2415 (the "Property").

C.  Defendant, or its agent, sold the Policy, insuring the Property, to Plaintiff.

D.  During the policy period, Plaintiff experienced a storm that damaged the Property. In its track, the storm left behind widespread damage to the Property, Plaintiff's home.

E.  On or about June 15, 2022 Plaintiff submitted a claim to Defendant for wind and hail damage to his home. Defendant assigned claim number 049844529-01 to Plaintiff's claim. Defendant assigned an adjuster to adjust the claim.

F.  The adjuster, on behalf of Defendant, inspected Plaintiff's Property after the storm. During the inspection, the adjuster, on behalf of Defendant, was tasked with the responsibility of

conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying the damages done to Plaintiff's home.

G. On or about June 29, 2022 an adjuster inspected Plaintiff's Property. The adjuster confirmed hail damage to the Property, Plaintiff's home, and notified Defendant's desk adjuster about the hail damage ("Hail Damage Confirmation"):

> Photographed all anomalies on roofing system for further review by carrier.
> Met adjuster and contractor on-site to perform inspection.
> 53 solar panels on roofing system without storm damage.
> Hail damage found on shingles of roofing system.
> Hail damage found on metal roof accessories.
> No storm damage found on newer gutter guard.
> Hail damage found on shed roofing system, additional 12ft ridge vent.
>
> 6/29/2022 Page 1 of 1
> SAFECO 000081

H. In addition, on or about July 1, 2022 an adjuster prepared an estimate to replace the roof, among other things, at a cost of $29,598.03, and provided it to Defendant's desk adjuster ("July 1 Repair Estimate"):



Plaintiff's First Amended Complaint                                                                                                 3

I.  Neither the Hail Damage Confirmation nor the July 1 Repair Estimate were provided to Plaintiff or his Public Adjuster. In fact, defendant chose to hide them. Rather than pay the July 1 Repair Estimate so that Plaintiff could repair the damages, Defendant chose to "reinspect" the Property, despite already inspecting it. Defendant "reinspected" it on July 12, 2022 and again on August 15, 2022. Then, eleven days later, on August 26, 2022, claimed that "they were unable to identify any damages" belying the Hail Damage Confirmation and the July 1 Repair Estimate:



J. Thus, Defendant demonstrated it did not conduct a reasonable investigation of the claim; failed to pay Plaintiff his policy benefits when liability became reasonably clear; and fraudulently withheld information from Plaintiff and his public adjuster that established coverage due to hail and the amount to make repairs to the covered damage.

K. On October 6, 2022, Plaintiff, through his attorney, issued a written offer of settlement and notice. Defendant requested another reinspection that took place in December 2022. Neither the Hail Damage Confirmation nor the July 1 Repair Estimate were provided to Plaintiff or his lawyer.

L. With a roof that was determined to be damaged by Plaintiff's contractor, public adjuster, multiple insurance company claims handlers, and despite the hidden Hail Damage Confirmation and the July 1 Repair Estimate, no payment was issued.

M. Accordingly, Plaintiff was forced to file this lawsuit on December 22, 2022.

N. On April 14, 2023, during the course of discovery, Plaintiff's counsel requested the deposition of Brandon Stacey, adjuster for Defendant.

O. On April 18, 2023, Defendant, through its counsel, invoked appraisal.

P. On April 20, 2023, with its Rule 26 Disclosures, Defendant finally divulged the Hail Damage Confirmation and the July 1 Repair Estimate.

Q. On May 24, 2023, the parties filed a Joint Motion to Abate Pending the Outcome of Appraisal ([Doc. 11], which the Court granted on June 16, 2023 [Doc.15].

R. On or about November 13, 2024, an appraisal award was finally issued and a copy was forwarded to counsel for Defendant on November 14, 2024. Here is the award:

| Carrier: | Safeco Insurance |
|---|---|
| Insured: | Mark Masraik, Policy # |
| Date of Loss: | 8/1/2021 |
| Claim #: | 049844529 |
| Loss Address: | 1713 Hampton Ct, Bedford, TX 76021 |

(The above referenced information is hereby collectively referred to as the "claim.")

**AGREEMENT AWARD**

As the duly appointed appraisers for the respective parties, we the undersigned, hereby acknowledge and proclaim as follows:

Each of us has reviewed the necessary documentation, including appraisals, photographs, and whatever additional information was necessary to form reasonable opinions as to the proper loss calculation for the above referenced claim.

Each of us has reviewed the information, and conclusions of the other appraisers relative to the above referenced claim, and taken the information contained therein into consideration in forming our opinions, and conclusions.

Having reached the consensus required to resolve the above referenced claim, each of us has duly and conscientiously performed the work necessary, and we have hereby formed the opinion that the actual cash value and/or replacement cost value where applicable, for the property damaged in the above referenced Hail claim, and find as follows:

| Coverage Type | Replacement Cost | Actual Cash Value |
|---|---|---|
| Dwelling: | $67,099.45 | $52,069.38 |
| Contents: | $0.00 | $0.00 |
| Other Structures: | $2,122.07 | $1,696.16 |
| Total: | $69,221.52 | $53,765.54 |

Limitations - The above referenced conclusions remain subject to applicable policy language and exclusions, as well as deductible obligations of the insured. The above referenced figures included in any previously paid sums, such that prior payments should be deducted from said conclusions for calculation of amount outstanding if any. In no way are these findings opinions about coverage, or coverage terms, which may be determined or applied by others.

| Appraiser for the Insured | David Calliham | 11/11/2024 |
|---|---|---|
| | | Date |
| Appraiser for the Insurer | Rondi Perry | Date |
| Umpire | Hannah York | 11/13/2024 |
| | | Date |

S.   Two and a half years after Plaintiff made the claim, on December 18, 2024, Defendant chose to partially pay the appraisal award, making a payment of $49,179.54 and paying an additional $15,370.30 as penalty interest under Section 542 of the Texas Insurance Code.

T.   Defendant has failed to pay replacement cost benefits claiming that "contractual conditions for the recovery of recoverable depreciation have not been met" [Doc. 25], despite actual repairs to the Property, and thus, breached the terms of its Policy.

U.   Defendant failed to fairly adjust Plaintiff's claim as it is obligated to do under the Policy and Texas law. By failing to properly adjust the claim and wrongfully denying full coverage to

Plaintiff's First Amended Complaint                                                                                                          6

Plaintiff, Defendant engaged in unfair insurance and settlement practices prohibited under Texas law.

V. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant fails and refuses to properly pay proceeds of the Policy, despite due demands, including a written demand on March 13, 2025, were made for policy proceeds and all conditions precedent to recovery upon the Policy have been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract.

W. Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damages were caused by covered perils. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

X. Defendant has misrepresented the benefits under the Policy, which promised to pay the full amount of loss to the Plaintiff. Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

Y. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

Z. Defendant failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for the

failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(3).

AA. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

BB. Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation of the claim. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

CC. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadlines. Defendant's conduct constitutes a violation of the Prompt Payment of Claim subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.055.

DD. Defendant failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadlines of receiving all necessary information. Defendant's conduct constitutes a violation of the Prompt Payment of Claim subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

EE. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed, and to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant's conduct constitutes a violation of the Prompt Payment of Claim subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

FF. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

GG. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action. To date, Defendant has failed to and refuses to pay Plaintiff for the replacement of the Property.

HH. Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling this type of claim. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

### VII. THEORIES OF LIABILITY

**A. Cause of Action for Breach of Contract, Doctrine of Prevention, and Equitable Estoppel**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Policy that Plaintiff purchased, Defendant has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages. As a result of these damages, which result from covered perils under the Policy, Plaintiff's home was damaged.

Defendant's failure and refusal, as described above, to pay benefits under the terms of the Policy and under the laws of the State of Texas constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

Defendant has failed to pay Plaintiff the replacement cost benefits owed under the Policy. Defendant chose to cause a delay past the contractual deadline for replacement cost benefits and its actions prejudiced Plaintiff to his detriment. Plaintiff is thus, pleading in the alternative, entitled to the payment of it under the doctrines of prevention and equitable estoppel.

**B. Cause of Action for Violation of Section 542**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures, and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Defendant has violated Section 542 by failing to timely acknowledge receipt of Plaintiff's claim, investigate Plaintiff's claim, or request from Plaintiff all items, statements, and forms that it reasonably believed at that time would be required from Plaintiff within the applicable statutory timeframes. *See* Tex. Ins. Code § 542.055. Defendant has also violated Section 542 by failing to timely provide sufficient written notice of its acceptance or rejection of Plaintiff's claim within the applicable statutory timeframes. *See* Tex. Ins. Code

§ 542.056. Defendant has further violated Section 542 by failing to pay the full value of Plaintiff's claim within the applicable statutory timeframes. *See* Tex. Ins. Code §§ 542.057–.058. Additionally, if it is determined Defendant owes Plaintiff any additional monies on Plaintiff's claim, then Defendant will have automatically violated Section 542 in this case. *See* Tex. Ins. Code § 542.058.

### C. DTPA Cause of Action

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters.

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46(b)(2), (5), (7), (12) and (19) of the DTPA. In this respect, Defendant's violations include, without limitation:

- A. (1) its unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) its failure to give Plaintiff the benefit of the doubt, and (3) its failure to pay for the proper repair or replacement of covered damages to Plaintiff's home on which liability had become reasonably clear. This gives Plaintiff the right to recover under Section 17.46(b)(2) of the DTPA;

- B. As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services had characteristics or

        benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

C.   As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D.   As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

E.   Defendant has breached an express warranty that the damage caused by the subject storm would be covered under the insurance policy. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (19) and 17.50(a)(2) of the DTPA;

F.   Defendant's actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

G.   Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions,

and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

### D. Cause of Action for Unfair Insurance Practices

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Section 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair or replacement cost of covered damages to Plaintiff's home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

    A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case, *see generally* Tex. Ins. Code §§ 541.001 et seq.;

    B.    Engaging in unfair claim settlement practices, *see* Tex. Ins. Code § 541.060;

    C.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue, *see* Tex. Ins. Code § 541.060(a)(1);

    D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear, *see* Tex. Ins. Code § 541.060(a)(1), *see* Tex. Ins. Code § 541.060(a)(2);

    E.    Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time, *see* Tex. Ins. Code § 541.060(a)(4);

    F.    Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim, *see* Tex. Ins. Code § 541.060(a)(7); and

    G.    Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement, *see* Tex. Ins. Code § 541.060(a)(3).

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

### E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered.

These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

## VIII.  WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## IX.  DAMAGES

The above-described acts, omissions, failures, and conduct of Defendant caused Plaintiff's damages, which include, without limitation, the cost to properly repair or replace the damages to Plaintiff's home, public adjuster fees, attorney fees and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus a percentage of per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## X.  ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI.  EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in

Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

### XII. ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

### XIII. JURY DEMAND

Plaintiff demands a jury trial and the appropriate fee has been tendered.

### XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**WILL ALLAN LAW FIRM, PLLC**
13526 George Rd., Suite 200
San Antonio, Texas 78230
Telephone: (210) 742-9455
Telecopier: (210) 742-4742
serveall@willallanlaw.com

By: _____
WILLIAM N. ALLAN IV
State Bar No. 24012204
JOHN R. SAENZ
State Bar No. 24071062
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was electronically filed and duly served upon all parties entitled to receive notice via the Court's CM/ECF Court Filing System this 5th day of May 2025.

_____
William N. Allan IV